**FILED**

James J. Vilt Jr,
Clerk

4/13/2026

U.S. District Court
Western District of Kentucky

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

|  |  |  |
|---|---|---|
| Tee Claw Sports, Inc.<br>11301 30th Cove E<br>Parrish, FL 34219 | § § § § § § § | Civil Action No. 3:26CV-264-BJB |
| Plaintiff | § § | JURY TRIAL DEMANDED |
| v. | § § § | |
| Ice Tees LLC<br>1112 Village Drive<br>Fort Lupton, CO 80621 | § § § § § | |
| Dalton Rauer<br>1112 Village Drive<br>Fort Lupton, CO 80621 | § § § § § | |
| Defendant | § § | |

## COMPLAINT FOR PATENT INFRINGEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Tee Claw Sports, Inc. files this Complaint against Defendants Ice Tees LLC and Dalton Rauer, jointly and severally, asserting causes of action for patent infringement, and seeking recovery of damages, attorneys' fees, costs, expenses, prejudgment interest and post-judgment interest.

## INTRODUCTION

1.      Plaintiff Tee Claw Sports, Inc. ("Plaintiff" or "Tee Claw Sports") comes before this Court due to the Defendants' Ice Tees LLC and Dalton Rauer (referred to herein collectively as "Defendants") willful infringement of Plaintiff's patented technology relating to golf teeing devices.

2.      U.S. Patent 8,968,118 entitled "Golf Teeing Device" was issued on March 3, 2015. Tee Claw Sports, Inc. was named assignee of the entire right, title and interest in U.S. Patent 8,968,118 on or about March 1, 2022, and is the current owner of U.S. Patent 8,968,118. Defendants are selling golf teeing devices that infringe U.S. Patent 8,968,118. Defendants' willful infringement of Plaintiff's patent rights will cause Plaintiff irreparable harm and substantial monetary damages. Plaintiff seeks an injunction, treble damages and attorneys' fees for Defendants' refusal to respect Plaintiff's intellectual property rights.

3.      U.S. Patent 9,339,706 entitled "Golf Teeing Device" was issued on May 17, 2016. Tee Claw Sports, Inc. was named assignee of the entire right, title and interest in U.S. Patent 9,339,706 on or about March 1, 2022, and is the current owner of U.S. Patent 9,339,706. Defendants are selling golf teeing devices that infringe U.S. Patent 9,339,706. Defendants' willful infringement of Plaintiff's patent rights will cause Plaintiff irreparable harm and substantial monetary damages. Plaintiff seeks an injunction, treble damages and attorneys' fees for Defendants' refusal to respect Plaintiff's intellectual property rights.

## THE PARTIES

4.      Plaintiff Tee Claw Sports, Inc. is a corporation registered in Florida with manufacturing operations in Phoenix, AZ.

5.      On information and belief, Defendant Ice Tees LLC is a Colorado limited liability company with its principal place of business in Fort Lupton, CO.

6.      On information and belief, Defendant Ice Tees LLC markets and offers Ice Tees golf teeing devices for retail sale throughout the United States using a variety of distributor and licensees that advertise and promote the product through the on-line marketplace sites https://golficetees.com, https://amazon.com, https://www.facebook.com, https://www.ebay.com and https://www.youtube.com/@IceTeesGolf.

7.      On information and belief, Defendant Dalton Rauer is a member of Ice Tees LLC and an owner of Ice Tees LLC and is in control of Ice Tees LLC.

## JURISDICTION and VENUE

8.      This action arises under the Patent Laws of the United States, 35 U.S.C. §1 *et. seq.*

9.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

10.     On information and belief, this Court has personal jurisdiction, general and specific, over Defendant Ice Tees LLC because Ice Tees LLC, is a supplier of products to foreign based companies, either by directly providing products or by licensing the companies to make the products, that sell the products into the United States, including into the Western District of Kentucky, through the Amazon on-line marketplace, and has committed acts of infringement through these companies and, therefore, has contacts with the Western District of Kentucky, such that the exercise of specific or general jurisdiction over Ice Tees LLC in the Western District of Kentucky would comport with traditional notions of due process.

11. On information and belief, this Court has personal jurisdiction, general and specific, over Defendant Dalton Rauer because Mr. Rauer is a member of Ice Tees LLC and an owner of Ice Tees LLC and is in control of Ice Tees LLC, including supplying products that are marketed and distributed through Amazon on-line marketplace, and, therefore, has contacts with the Western District of Kentucky, such that the exercise of specific or general jurisdiction over Dalton Rauer in the Western District of Kentucky would comport with traditional notions of due process.

12. Venue is proper in this district under 28 U.S.C. §§1391 (b), (c), and (d) 28 U.S.C. §1400(b).

## BACKGROUND

13. On March 3, 2015, the United States Patent and Trademark Office duly and legally issued U.S. Patent 8,968,118, entitled "Golf Teeing Device". U.S. Patent 8,968,118 is currently active and all maintenance fees have been paid. A copy of U.S. Patent 8,968,118 is provided in Exhibit A.

14. Tee Claw Sports, Inc. owns all right, title and interest in U.S. Patent 8,968,118.

15. On May 17, 2016, the United States Patent and Trademark Office duly and legally issued U.S. Patent 9,339,706, entitled "Golf Teeing Device". U.S. Patent 9,339,706 is currently active and all maintenance fees have been paid. A copy of U.S. Patent 9,339,706 is provided in Exhibit B.

16. Tee Claw Sports, Inc. owns all right, title and interest in U.S. Patent 9,339,706.

17. On or about September 13, 2025, Mr. John Black, Director and President of Tee Claw Sports, became aware that Defendants were offering for sale golf teeing devices, referred

to as the "Turf Tee Base." Based on the images shown on the https://golficetees.com, Mr. Black reasonably believed that the Turf Tee Base product infringed one or more claims of U.S. Patent 8,968,118 and infringed one of more claims of U.S. Patent 9,339,706.

18.     On or about September 13, 2025, Mr. Black became aware that Defendants were offering for sale golf teeing devices, referred to as the "Ice Tees Base." Based on the images shown on the https://golficetees.com, Mr. Black reasonably believed that the Ice Tees Base product infringed one or more claims of U.S. Patent 8,968,118 and infringed one of more claims of U.S. Patent 9,339,706.

19.     On or about September 13, 2025, Mr. Black contacted Defendants and informed them that Tee Claw Sports, Inc. held patents for golf teeing devices and that certain Defendant products appeared to infringe the Tee Claw Sports patents.

20.     On information and belief, Defendants continued to manufacture, use, offer for sale, sell, and distribute the Turf Tee Base product and the Ice Tees Base product after September 13, 2025.

21.     On or about September 13, 2025, Mr. Black ordered samples of the Defendants' Turf Tee Base golf teeing device and the Ice Tees Base golf teeing device through the on-line ordering option available through the https://golficetees.com website. A print of the website page offering the Turf Tee Base as of September 16, 2025 is provided in Exhibit C.

22.     On or about September 23, 2025, Mr. Black received samples of the Turf Tee Base product from Defendants. The Turf Tee Base comprises a top portion and a base portion, wherein the base portion comprises four or more extensions, wherein the four or more extensions are configured to removably and securely engage with a surface, and wherein the top portion is configured to cradle a golf ball, and wherein the four or more extensions are substantially located

substantially near an outer rim of the base portion, and wherein the four or more extensions are substantially hooked-shaped, such that the four or more extensions first extend substantially downward away from the base portion and then extend substantially horizontal and substantially parallel to the base portion. The Turf Tee Base product has a standard tee engagement portion, wherein said standard tee engagement portion is comprised of a hole, and wherein the standard tee engagement portion is configured to matingly engage with a standard tee, such that said standard tee cradles a golf ball. The base portion of the Turf Tee Base product has one or more grip notches, and the Turf Tee Base product has two or more extensions that are placed equidistant from each other along the outer rim of the base portion, and that are hooked in the same direction as each other, and that are configured to engage with the surface by rotating the golf teeing device as the two or more extensions are in contact with said surface. The Turf Tee Base has a hole that extends substantially through the top portion and the base portion, and wherein the hole has a raised lip edge on the top portion, and wherein said raised lip edge is configured to cradle a golf ball. Although different in design than the golf teeing device shown in the figures accompanying U.S. Patent 8,968,118, after assessment of the product Mr. Black reasonably believed that the Defendants' Turf Tee Base product infringed claims 1 – 5 and 12 – 14 of U.S. Patent 8,968,118. Although different in design than the golf teeing device shown in the figures accompanying U.S. Patent 9,339,706, after assessment of the product Mr. Black reasonably believed that the Ice Tees LLC Ice Tees Base product infringed claims 1, 3, 4, 5, 10 and 17 of U.S. Patent 9,339,706.

23.     On or about September 23, 2025, Mr. Black received samples of the Ice Tees Base product from Defendants. The Ice Tees Base comprises a top portion and a base portion, wherein the base portion comprises two or more extensions, wherein the two or more extensions

are configured to removably and securely engage with a surface, and wherein the top portion is configured to cradle a golf ball, and wherein the two or more extensions are substantially located substantially near an outer rim of the base portion, and wherein the two or more extensions are substantially hooked-shaped, such that the two or more extensions first extend substantially downward away from the base portion and then extend substantially horizontal and substantially parallel to the base portion. The two or more extensions that are placed equidistant from each other along the outer rim of the base portion, and that are hooked in the same direction as each other, and that are configured to engage with the surface by rotating the golf teeing device as the two or more extensions are in contact with said surface. The Ice Tees Base product has a standard tee engagement portion, wherein said standard tee engagement portion is comprised of a hole, and wherein the standard tee engagement portion is configured to matingly engage with a standard tee, such that said standard tee cradles a golf ball. The base portion of the Ice Tees Base product further has one or more grip notches. The Ice Tees Base comprises a lanyard anchoring portion, and the lanyard anchoring portion is an extrusion on an underside of said golf teeing device. Although different in design than the golf teeing device shown in the figures accompanying U.S. Patent 8,968,118, after assessment of the product Mr. Black reasonably believed that the Defendants' Turf Tee Base product infringed claims 1 – 5 of U.S. Patent 8,968,118. Although different in design than the golf teeing device shown in the figures accompanying U.S. Patent 9,339,706, after assessment of the product Mr. Black reasonably believed that the Ice Tees LLC Ice Tees Base product infringed claims 1, 3, 4, 5 and 17 of U.S. Patent 9,339,706.

24.    On or about October 7, 2025, Attorney Joan L. Simunic sent an advisory letter to Mr. Rauer, Ice Tees LLC Registered Agent, informing him that Tee Claw Sports, Inc. was the

owner of U.S. Patent 8,968,118 and U.S. Patent 9,339,706, and that Tee Claw Sports believed that Ice Tees LLC Turf Tee Base product and Ice Tees Base product were infringing one or more claims of Tee Claw Sports patents. The letter demanded that Ice Tees LLC provide evidence by November 7, 2025, that the Turf Tee Base and the Ice Tees Base were no longer being manufactured, marketed, and distributed.

25. No response to the October 7, 2025, letter was received from Mr. Rauer or Ice Tees LLC. On or about November 1, 2025, the website https://golficetees.com began to feature a Color of the Month that was available for a limited time. The featured color for November was orange.

26. On or about November 11, 2025, Attorney Joan L. Simunic sent a cease and desist letter to Mr. Rauer, Ice Tees LLC Registered Agent, informing him that Tee Claw Sports, Inc. was the owner of U.S. Patent 8,968,118 and U.S. Patent 9,339,706, and that Tee Claw Sports, Inc. believed that Ice Tees LLC Turf Tee Base product and Ice Tees Base product were infringing one or more specific claims of Tee Claw Sports, Inc. patents. The letter demanded that Ice Tees LLC cease and desist from manufacturing, marketing, or distributing the Turf Tee Base and the Ice Tees Base and provide evidence of compliance by December 9, 2025.

27. No response to the November 11, 2025, letter was received from Mr. Rauer or Ice Tees LLC. On or about December 1, 2025, the website https://golficetees.com changed to feature a "NEW COLOR OF THE MONTH" that was "Available Till The End Of DECEMBER!" The featured color for December was green. A screenshot of the website is provided in Exhibit D.

28. On or about December 15, 2025, Attorney Joan L. Simunic sent a second cease and desist letter to Mr. Rauer, Ice Tees LLC Registered Agent, informing him that Tee Claw Sports, Inc. was the owner of U.S. Patent 8,968,118 and U.S. Patent 9,339,706, and that Tee

Claw Sports, Inc. believed that Ice Tees LLC Turf Tee Base product and Ice Tees Base product were infringing one or more specific claims of Tee Claw Sports, Inc. patents. The letter demanded that Ice Tees LLC cease and desist from manufacturing, marketing, or distributing the Turf Tee Base and the Ice Tees Base and provide evidence of compliance by December 29, 2025.

29.    No response to the December 15, 2025, letter was received from Mr. Rauer or Ice Tees LLC. On or about January 5, 2025, the website https://golficetees.com changed to feature a "NEW COLOR OF THE MONTH" that was "Available Till The End Of JANUARY!" The featured color for December was black. A screenshot of the website is provided in Exhibit E. Upon information and belief, Ice Tees LLC is continuing to introduce new featured monthly colors for the infringing golf teeing devices.

30.    On or about December 20, 2025, Defendant introduced the "Turf Tee Base 4" which has the same design and the same instructions for use as the Turf Tee Base that was available in September 2025. A print of the website page offering the Turf Tee Base 4 as of January 23, 2026, is provided in Exhibit F.

31.    On or about December 23, 2025, advertisements began appearing on the Amazon on-line marketing site, www.Amazon.com, for the golf teeing devices offered by the Defendant. As of January 7, 2026, Defendants' products were being sold by at least thirty (30) different vendors. A sample of advertisements by these vendors is provided in Exhibit G.

32.    On information and belief, Plaintiff believes that the golf teeing devices from Defendant that were evaluated on September 23, 2025, fall within the claims of U.S. Patent 8,968,118 and U.S. Patent 9,339,706.

33.    On information and belief, Plaintiff believes that the golf teeing devices that are being marketed on Amazon on-line marketplace under the product names Hinged Turf Base V3, Turf Base V3, VACHAN Turf Base V3, Golf Simulator Tees, Turf Base V3 Hinged Turf Tee, Turf Golf Tees, and Stablegolf Mat Tee Base – Artificial Hinged V3, fall within the claims of U.S. Patent 8,968,118 and U.S. Patent 9,339,706.

**COUNT ONE**
**PATENT INFRINGEMENT**

34.    Plaintiff Tee Claw Sports, Inc. incorporates by reference the allegations of paragraphs 1 – 33 above, as if fully alleged herein.

35.    In contravention of one or more subsections of 35 U.S.C. §271, Defendants Ice Tees LLC and Dalton Rauer, without authority, have and are continuing to directly infringe, contributorily infringe and/or actively induce infringement of one or more claims of U.S. Patent 8,968,118, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, distributing, exporting or importing the accused golf teeing devices in or into the United States and/or causing the accused golf teeing devices to be made, used, offered for sale, sold in, exported or imported into the United States.

36.    At least as of the filing of this suit, Defendants Ice Tees LLC and Dalton Rauer have actual notice of U.S. Patent 8,968,118 and are infringing U.S. Patent 8,968,118 with knowledge of Tee Claw Sports, Inc.'s patent rights. The filing of this Complaint also constitutes notice to Defendants of U.S. Patent 8,968,118 under 35 U.S.C. §287.

37.    Defendant's infringing conduct described above is willful and deliberate.

38.    Tee Claw Sports, Inc. has been damaged by Defendants' infringing activities and will continue to be damaged unless enjoined by this Court.

## COUNT TWO
## PATENT INFRINGEMENT

39.    Plaintiff Tee Claw Sports, Inc. incorporates by reference the allegations of paragraphs 1 – 38 above, as if fully alleged herein.

40.    In contravention of one or more subsections of 35 U.S.C. §271, Defendants Ice Tees LLC and Dalton Rauer, without authority, have and are continuing to directly infringe, contributorily infringe and/or actively induce infringement of one or more claims of U.S. Patent 9,339,706, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, distributing, exporting or importing the accused golf teeing devices in or into the United States and/or causing the accused golf teeing devices to be made, used, offered for sale, sold in, exported or imported into the United States.

41.    At least as of the filing of this suit, Defendants Ice Tees LLC and Dalton Rauer have actual notice of U.S. Patent 9,339,706 and are infringing U.S. Patent 9,339,706 with knowledge of Tee Claw Sports, Inc.'s patent rights. The filing of this Complaint also constitutes notice to Defendants of U.S. Patent 9,339,706 under 35 U.S.C. §287.

42.    Defendant's infringing conduct described above is willful and deliberate.

43.    Tee Claw Sports, Inc. has been damaged by Defendants' infringing activities and will continue to be damaged unless enjoined by this Court.

## PRAYER FOR RELIEF

Wherefore, Tee Claw Sports, Inc. respectfully requests entry of judgment in its favor and prays for the following relief:

A.    That Defendants be adjudged to have infringed one or more claims of U.S. Patent 8,968,118;

B.      That Defendants be adjudged to have infringed one or more claims of U.S. Patent 9,339,706;

C.      That Defendants and all related entities and their officers, agents, employees, representatives, successors, assigns and all persons in active concert or participation with any of them, directly or indirectly, be preliminarily and permanently enjoined from making, using, offering to sell, selling, distributing or importing the infringing products in the United States or causing the infringing products to be made, used, offered for sale, sold in, distributed in or imported into the United States;

D.      That Defendants be required to restrict the importation of any device that is essentially the same design as the Turf Tee Base golf teeing device regardless of the name associated with the device.

E.      That Defendants be required to restrict the importation of any device that is essentially the same design as the Ice Tees Base golf teeing device regardless of the name associated with the device.

F.      That Defendants account for damages of at least one hundred thousand dollars ($100,000) sustained by Tee Claw Sports, Inc. as a result of Defendants' infringement of U.S. Patent 8,968,118, including both pre- and post-judgment interest and costs as fixed by this Court under 35 U.S.C. §284;

G.      That Defendants account for damages sustained by Tee Claw Sports, Inc. as a result of Defendants' infringement of U.S. Patent 9,339,706, including both pre- and post-judgment interest and costs as fixed by this Court under 35 U.S.C. §284;

H.      That Defendants be adjudged to have willfully and deliberately infringed U.S. Patent 8,968,118 and that the damages resulting from Defendants' willful and deliberate violation of the Patent Laws be trebled pursuant to 35 U.S.C. §284;

I.       That Defendants be adjudged to have willfully and deliberately infringed U.S. Patent 9,339,706 and that the damages resulting from Defendants' willful and deliberate violation of the Patent Laws be trebled pursuant to 35 U.S.C. §284;

J.      That this case be declared an exceptional case within the meaning of 35 U.S.C. §285 and that Tee Claw Sports, Inc. be awarded its reasonable attorneys' fees;

K.      That Tee Claw Sports, Inc. be awarded its costs, attorneys' fees, and expenses incurred in this action pursuant to applicable state and federal laws; and,

L.      That the Court grant Tee Claw Sports, Inc. such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Tee Claw Sports, Inc. demands a trial by jury on all issues so triable.

Dated: April 13, 2026                          Respectfully submitted,

                                               /s/ Joan L. Simunic

                                               Joan L. Simunic
                                               LAW OFFICE OF J. L. SIMUNIC, PLLC
                                               P.O Box 443
                                               LaGrange, Kentucky 40031-0443
                                               Phone: (502) 265-0370
                                               Email: JLSPatentLaw@att.net

                                               *Counsel for Plaintiff Tee Claw Sports, Inc.*